# **EXHIBIT A**

 CT Corporation

**Service of Process
Transmittal**
07/07/2015
CT Log Number 527423969

**TO:** David Ball / Speedway Service of Process
Speedway SuperAmerica, LLC
500 Speedway Dr
Enon, OH 45323-1056

**RE:** **Process Served in Kentucky**

**FOR:** Speedway SuperAmerica LLC  (Former Name)  (Domestic State: DE)
Speedway LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shawn Hopkins, Petitioner vs. Speedway Superamerica LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jefferson County District Court, KY<br>Case # 15CI03254 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 08/24/2014 - Speedway Store #9358 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/07/2015 postmarked on 07/02/2015 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered |
| **ATTORNEY(S) / SENDER(S):** | Stephen P. Imhoff<br>2843 Brownsboro Road<br>Suite 101<br>Louisville, KY 40206<br>502-899-2414 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/08/2015, Expected Purge Date: 07/13/2015<br><br>Image SOP<br><br>Email Notification,  David Ball / Speedway Service of Process<br>SpeedwayServiceofProcess@Speedway.com<br><br>Email Notification,  Diane Wittler  dlwittler@marathonpetroleum.com<br><br>Email Notification,  Suzanne Gagle  sgagle@MarathonPetroleum.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>717-234-6004 |

Page 1 of  1 / RB

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

CERTIFIED MAIL®

U.S. POSTAGE >> PITNEY BOWES

ZIP 40202
02 1W
0001376043 JUL. 02 2015

$ 006.95⁵

7014 1820 0000 8588 6549

DAVID L. NICHOLSON
JEFFERSON COUNTY CIRCUIT COURT CLERK
CIRCUIT COURT DIVISION
LOUIS D. BRANDEIS HALL OF JUSTICE
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202



CT CORPORATION
306 W. MAIN ST., SUITE 513
FRANKFORT, KY 40601-1840

40601*1840 C003

| AOC-105          Doc. Code: | | Case No. **15 C I 03254** |
| CI | | |
| Rev.5-03 | | Court [  ] Circuit [X  ] District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County Jefferson |
| Court of Justice www.kycourts.net | | |
| CR 4:02; CR Official Form 1 | | JEFFERSON CIRCUIT COURT |
| | | DIVISION ONE (1) |
| | **CIVIL SUMMONS** | |

**SHAWN HOPKINS**                                                                                      **PETITIONER**

VS.

**SPEEDWAY SUPERAMERICA LLC, et. al.**                                                  **DEFENDANTS**

**Service of Process Agent for Defendant:**

CT Corporation

306 W. Main Street, Suite 512

Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**
    You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you** or by **an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and Address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ JUL - 1 2015 _____, 2_____

                            DAVID L. NICHOLSON, CLERK _____ Clerk

               By: _____ _____ D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2015. |
|                              Served by: |
| _____ |
| _____Title |

CASE NO. ___**15 C I 0 3 2 5 4**___          JEFFERSON CIRCUIT COURT
                                            JEFFERSON CIRCUIT COURT
                                                DIVISION ONE (1)

SHAWN HOPKINS                                              PLAINTIFF
5706 Garden Trace Circle
Louisville, KY 40229


vs.                        **COMPLAINT**


SPEEDWAY SUPERAMERICA LLC                            DEFENDANTS
1209 Orange St
Wilmington, DE 19801 and

Speedway, LLC
500 Speedway Drive
Enon, OH 45323 and

MPC Investment, LLC
500 Speedway Drive
Enon, OH 45323


Serve Stated Agent for Process for the first two Defendants:      C T Corporation System
                                                                 306 W Main St, STE. 512
                                                                 Frankfort, KY 40601

Serve the KY Secretary of State for MPC Investment under the KY Long Arm Statute, KRS
452.210 (1)

SERVE
        Kentucky Secretary of State
        700 Capital Avenue, Suite 86
        Frankfort, KY 40601
        Agent for Service of Process, per
        KRS 454.210


\* \* \* \* \* \* \* \* \* \* \*


Page 1 of 5

Comes the Plaintiff, Shawn Hopkins, and states for his Complaint against the Defendants as follows:

## PARTIES AND JURISDITION

1.      The Plaintiff, Shawn Hopkins ("Hopkins") is a citizen of the United States and, at the time of the incident referred to herein, resided in Louisville, Kentucky, where he still resides. The incident complained of herein did occur in Jefferson County, Kentucky.

2.      Speedway Store #9358, located at 5400 Antle Drive in Louisville, Kentucky, is a gas station - convenience store in which Plaintiff was a customer and where he was injured on or about September 24, 2014.

3.      Upon information and belief, Speedway LLC is a foreign LLC authorized to do business in the Commonwealth of Kentucky.  Speedway Superamerica LLC is a foreign LLC authorized to do business in Kentucky, and MPC Investment LLC is the member owner of both Speedway LLC and Speedway Superamerica LLC. According to the Kentucky Secretary of State MPC Investment LLC, a foreign entity and is the managing member of the other two Defendants, but is not registered with the Secretary of State. Doing business in Kentucky makes the Secretary of State its legal agent for process.

4.      Each Defendant entity either owns and/or operates Store # 9358. Collectively, Speedway refers to all three Defendant entities which operate the store in one form or another, unless otherwise specified.

## FACTUAL ALLEGATIONS

Page **2** of **5**

4.      On or about September 24, 2014 in the morning hours, Hopkins went to the Speedway store to transact business and was injured on the premises.

5.      Plaintiff slipped and fell at the store in one of the aisles.  The fall was caused by a liquid substance, foreign material/matter on the floor at the time.

6.      Speedway, by and through its agents, servants and employees owed a duty of reasonable care to Plaintiff which included the duty to keep the floor and aisle areas free from danger and to properly and visually display signs so that said signs would be noticed by all customers in all areas of the venue.

8.      Speedway, by and through its agents, servants and employees was negligent in not maintaining a safe premises for its customers, including Plaintiff, by acts of omission and/or commission. This was a substantial and proximate factor in causing or bringing about the damages sustained by Plaintiff.

9.      Speedway, as owner, engaged in acts of omission and/or commission, which was the approximate cause and only factor in or bringing about damages sustained by Plaintiff.

10.     Speedway, by and through their agents, servants and employees, owed a duty and did ostensibly undertake to provide a safe premises for Plaintiff, in that at all times herein mentioned, the omissions and commissions of Defendants, by and through their agents, servants and employees, were negligent and reckless and demonstrated a complete disregard and indifference to the safety and welfare of Plaintiff, in particular, and to the public, in general.

11.     Regardless of any subrogation agreement or agreement to hold the other harmless between the Defendants, the Defendants owned the real estate and/or operated the Speedway store and invited Plaintiff, as well as other invitees, to the premises and had the aforesaid duties

to maintain a safe premises for Plaintiff while she shopped at the store.

13.     As a direct and proximate result of the aforementioned negligence of Speedway, by and through its agents, servants and employees, Plaintiff sustained pain and suffering, both mental and physical, and he has lost wages and will, in the future, sustain pain and suffering, both mental and physical; that she has incurred necessary medical and hospital expenses by way of surgery and otherwise and will, in the future, incur necessary medical and hospital expenses; and that her power to labor and earn money has been prematurely impaired.  Medical expenses and pain and suffering combined are greater than the minimum jurisdiction of Jefferson Circuit Court.

14.     The physical injuries received by Hopkins are burns/injuries to his hand. Further, the slip aggravated his right shoulder for which he had surgery not long before.

15.     Total damages are in excess of the minimal monetary jurisdiction of this court.


WHEREFORE, the Plaintiff demands for judgment against the Defendants as follows:

1.     Joint and several judgment for compensatory damages, along with any and all other damages allowed by Kentucky law in an amount that is fair and reasonable shown by the evidence, and in a sum greater than the minimum jurisdiction of this court.

2.     Trial by a jury.

3.     For Plaintiff's court costs and attorney fees as allowed by law.

4.     For any and all other relief to which Plaintiff is entitled.


Page **4** of **5**

Respectfully submitted,

Stephen P. Imhoff
Attorney at Law
2843 Brownsboro Road, Suite 101
Louisville, KY 40206
502-899-2414
502-899-2415 (fax)
*Counsel for Plaintiff*

I have read the statements contained in this Complaint and they are true as I verily believe.

Shawn Hopkins

COMMONWEALTH OF KENTUCKY
COUNTY OF JEFFERSON

Subscribed, sworn to, and acknowledged before me by **Shawn Hopkins** this 30th day of June, 2015.

My commission expires: ___1-21-1?___

___NOTARY PUBLIC___

Page 5 of 5

NO. 15-CI-03254                FILED CLERKS OFFICE            JEFFERSON CIRCUIT COURT
                               JEFFERSON DIS___ ___ ___           DIVISION ONE (1)
                               2015 JUL 16   PM 4 49          JUDGE BARRY L. WILLETT

                                   CLERK 10
SHAWN HOPKINS                  BY _____ DC                        PLAINTIFF

v.

SPEEDWAY SUPERAMERICA LLC,
SPEEDWAY LLC and
MPC INVESTMENT, LLC                                                         DEFENDANTS

### DEFENDANT SPEEDWAY LLC'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Speedway LLC, Speedway SuperAmerica LLC[1], and MPC Investment, LLC

(collectively "Speedway"), by counsel, give the following as their Answer and Affirmative

Defenses to Plaintiff's Complaint.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted

against Speedway.

### SECOND DEFENSE

Plaintiff Shawn Hopkins was contributorily or comparatively negligent due to his failure

to use the degree of care that would have been used by an ordinary, reasonable, and prudent

person under the same or similar circumstances.  Plaintiff's own negligence and intentional acts

proximately caused his injuries and damages, if any, alleged in the Complaint.

---

[1] Speedway LLC is f/k/a Speedway SuperAmerica LLC.  Speedway SuperAmerica LLC is not an active business
entity and is not a proper party to this action.

## THIRD DEFENSE

### PARTIES AND JURISDICTION

1.      Speedway is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore the allegations are denied.

2.      With regard to Paragraph 2 of Plaintiff's Complaint, Speedway admits that Plaintiff was present at Speedway Store # 9358 at 5400 Antle Drive in Louisville, Kentucky on September 24, 2014.   Speedway denies any wrongful act or omission.   Speedway is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore the allegations are denied.

3.      With regard to Paragraph 3 of Plaintiff's Complaint, Speedway admits that Speedway LLC is a foreign limited liability company licensed to do business in Kentucky. Speedway denies that Speedway SuperAmerica LLC is an active limited liability company. Speedway LLC is formerly known as Speedway SuperAmerica LLC.   Speedway admits that MPC Investment LLC is a member of Speedway LLC and that MPC Investment LLC is not registered with the Kentucky Secretary of State, but denies that MPC Investment LLC is a proper party to this action.   Speedway denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      With regard to Paragraph 4 of Plaintiff's Complaint, Speedway admits that Speedway LLC owns and operates Speedway Store # 9358.   Speedway denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

2

## FACTUAL ALLEGATIONS

5.     With regard to the second Paragraph 4 of Plaintiff's Complaint, Speedway denies

any wrongful act or omission.  Upon information and belief, Speedway admits that Plaintiff was

at the Speedway Store on September 24, 2014, and that Plaintiff alleges that he was injured.

Speedway denies any remaining allegations contained in the second Paragraph 4 of Plaintiff's

Complaint.

6.     Speedway denies the allegations contained in the second Paragraph 5 of

Plaintiff's Complaint.

7.     With regard to Paragraph 6 of Plaintiff's Complaint, the allegations call for

conclusions of law to which no response is required or appropriate.  To the extent a response is

required, Speedway denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

8.     Speedway denies the allegations contained in Paragraph 8 of Plaintiff's

Complaint.

9.     Speedway denies the allegations contained in Paragraph 9 of Plaintiff's

Complaint.

10.     With regard to Paragraph 10 of Plaintiff's Complaint, the allegations regarding

Speedway's legal duties call for conclusions of law to which no response is required or

appropriate.  To the extent a response is required, Speedway denies the allegations contained in

Paragraph 10 of Plaintiff's Complaint.

11.     With regard to Paragraph 11 of Plaintiff's Complaint, the allegations call for

conclusions of law to which no response is required or appropriate.  To the extent a response is

required, Speedway denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    Speedway denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

13.    With regard to Paragraph 14 of Plaintiff's Complaint, Speedway denies any negligent act or omission.  Speedway is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore the allegations are denied.

14.    With regard to Paragraph 15 of Plaintiff's Complaint, the allegations call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Speedway denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## FOURTH DEFENSE

Plaintiff Shawn Hopkins knew, or should have known, of any dangerous conditions, if any, that may have existed on the premises where he was allegedly injured.

## FIFTH DEFENSE

Any alleged dangerous conditions, if any, existing upon the premises at the time or place where Plaintiff Shawn Hopkins was allegedly injured, were open, notorious, and obvious to Plaintiff, thereby absolving Speedway from any liability to Plaintiff.

## SIXTH DEFENSE

The injuries and damages about which Plaintiff complains, if any, may have been caused by the negligence of third persons over whom Speedway had no control, for which Speedway is not responsible, and for which Speedway has no liability, entitling Speedway to indemnity, contribution, offset, and apportionment as a result of such negligence.

## SEVENTH DEFENSE

To the extent any person or entity exists who has paid any amount to or for the benefit of Plaintiff on account of the event or injuries alleged in the Complaint and who has not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS § 411.188, and the Complaint is barred.  In the alternative, Plaintiff is precluded from recovery of benefits that are the subject of subrogation rights.  Plaintiff is not the real party in interest to the extent of any such payments.

## EIGHTH DEFENSE

Speedway affirmatively asserts those defenses contained in Rule 8.03 of the Kentucky Rules of Civil Procedure, including, but not necessarily limited to, contributory negligence and estoppel.  Speedway also asserts the Open and Obvious defense.

## NINTH DEFENSE

Speedway reserves the right to file any cross-claims, counterclaims, and/or other third-party actions that may become appropriate and necessary in the course of discovery.

## TENTH DEFENSE

To the extent that Plaintiff has failed in his duty to mitigate his damages, if any, these damages must be reduced accordingly.

## ELEVENTH DEFENSE

The Complaint should be barred, in whole or in part, for the Plaintiff's failure to plead with specificity items of special damages as required by CR 9.06.

## TWELFTH DEFENSE

Speedway denies any allegation not specifically denied in this Answer.

## THIRTEENTH DEFENSE

Speedway reserves the right to assert any other affirmative defense that may become applicable as revealed in the course of discovery.

**WHEREFORE**, Defendant, Speedway LLC, reserves the right to amend this Answer and Defenses as discovery progresses and hereby respectfully requests:

1.     That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.     That it be awarded its costs herein expended and, if applicable, a reasonable attorney's fee;

3.     For a trial by jury on all issues so triable; and

4.     Any and all other relief to which it may appear to be entitled.

Respectfully submitted,

FROST BROWN TODD LLC

D. Christopher Robinson
Andrew M. Palmer
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (facsimile)
crobinson@fbtlaw.com
apalmer@fbtlaw.com
*Counsel for Defendant Speedway LLC*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by U.S. first class mail, postage prepaid, to the following this 16th day of July, 2015:

Stephen P. Imhoff
2843 Brownsboro Road, Suite 101
Louisville, KY 40206
*Counsel for Plaintiff*

_____

*Attorney for Defendant Speedway LLC*

NO. 15-CI-03254

JEFFERSON CIRCUIT COURT
DIVISION ONE (1)
JUDGE BARRY L. WILLETT

SHAWN HOPKINS

PLAINTIFF

v.

SPEEDWAY SUPERAMERICA LLC,
SPEEDWAY LLC and
MPC INVESTMENT, LLC

DEFENDANTS

## DEFENDANT SPEEDWAY LLC'S FIRST SET OF REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON PLAINTIFF SHAWN HOPKINS

Pursuant to Rules 26, 33, 34, and 36 of the Kentucky Rules of Civil Procedure, Defendant Speedway LLC ("Speedway"), by counsel, submits the following Request for Admissions, Interrogatories and Requests for Production of Documents (the "Discovery Requests") upon Plaintiff Shawn Hopkins ("Plaintiff"). You are to serve your answers and responses to these Interrogatories and Requests for Production of Documents within thirty (30) days from the date they were served upon you.

In answering these Interrogatories, you are to divulge all information that is within the knowledge, possession, or control of you, your attorneys, or your agents, or that may be reasonably ascertained by you or them. You are requested to supplement your initial answers to these Interrogatories after service of your answers if you ascertain or acquire after your first answers any information that falls within the scope of these Interrogatories or if events within the scope of these Interrogatories occur after service of your answers.

## DEFINITIONS

1.      The words "you" and "your" mean Plaintiff Shawn Hopkins, and his attorneys and agents where appropriate in these Discovery Requests.

2.      The "Incident" refers to the incident giving rise to the Complaint you filed pertaining to the alleged accident on or around July 1, 2015.

3.      The "Complaint" means your original Complaint in this action and any subsequent Amended Complaints.

4.      An Interrogatory asking you to "state in detail," "explain in detail" or "state specifically" seeks disclosure of each fact, circumstance, condition, and thing known to you about the subject of the Interrogatory containing the phrase, as of the date the Interrogatories were answered.

## INSTRUCTIONS

1.      Where appropriate in these Interrogatories, the singular form of a word shall be interpreted as plural.

2.      Wherever appropriate in these Interrogatories, "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary to bring under the scope of these Interrogatories any information which might otherwise be construed to be outside of their scope.

3.      When an Interrogatory requires you to <u>describe</u> or <u>identify</u> any <u>natural person</u>, it is intended that the answer shall include:

     (a)      full name;

     (b)      present or last known home address and telephone number; or

     (c)      present or last known business address and telephone number.

4.      When an Interrogatory requires you to <u>describe</u> or <u>identify</u> any <u>person other than a natural person</u>, it is intended that the answer shall include:

      (a)      full name or title thereof;

      (b)      nature or type of entity;

      (c)      present or last known business address and telephone number.

5.      In answering each Interrogatory, the answers should identify each document which supports, refers to or evidences the subject matter of the Interrogatory; or which is relied upon to form a basis of the answer given; or which in any way corroborates the answer given or the substance of the answer given.  Every document to be so identified may be produced for inspection in lieu of such identification.

## <u>REQUEST FOR ADMISSIONS</u>

Each of the following statements shall be admitted unless appropriate action is taken within the time prescribed in CR 36.  You are further requested, should you admit or deny the truth of any matter of fact on information and belief, to state in detail the nature and source of the information on which belief is based.

If your answer to a Request is other than an unqualified admission, please state the following:

      a.      Any facts and circumstances which you contend support your refusal to unqualifiedly admit to the request;

      b.      State the name, address and telephone number of any person believed to possess information supporting your refusal to unqualifiedly admit to the request for admission, and identify what information each such person is believed to possess; and

      c.      Identify any and all documents believed to contain information which you contend supports your refusal to unqualifiedly admit to the interrogatory,

stating the name, address and telephone number of the custodian of each such document, and state what information each such document is believed to contain.

**REQUEST FOR ADMISSION NO. 1:**      Admit that your total claimed damages related to the Incident, including past and future medical expenses, lost wages, lost power to labor and pain and suffering do not exceed Seventy-Five Thousand Dollars ($75,000).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**      Admit that you are not seeking in excess of Seventy-Five Thousand Dollars ($75,000) in this matter.

**RESPONSE:**

4

## INTERROGATORIES

**INTERROGATORY NO. 1:**        State your present home address, date of birth, social security number, marital status, and the names and birthdates of your children.

**ANSWER:**

**INTERROGATORY NO. 2:**        Please describe your education and/or vocational background and training, including the schools or programs attended, any certifications or degrees received, the highest level completed, and the years of attendance.

**ANSWER:**

**INTERROGATORY NO. 3:**        Have you ever been charged with a crime, excluding minor traffic violations?  If so, describe each charge filed against you, the county and state in which such charges were filed, and the resolution of each charge.

**ANSWER:**

**INTERROGATORY NO. 4:**        For each job held by you since January 1, 2000, identify your:

(a)     place and address of employment;

(b)     job title;

(c)     duties performed there;

(d)   rate of pay;

(e)   dates of employment; and

(f)   reason for leaving employment.

**ANSWER:**

**INTERROGATORY NO. 5:**   Please identify all persons:

(a)   Who witnessed the Incident, or were in the vicinity of the Incident before, at the time of, or after its occurrence;

(b)   Who have given any statement to any other person regarding the Incident; and

(c)   Who, in addition to those previously identified, you believe possesses or claims to possess knowledge, information or any factual records relating to the Incident or any other discoverable matter relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 6:**   With respect to each person identified by you in response to Interrogatory No. 6 above, state what knowledge or information you believe each person possesses.

**ANSWER:**

**INTERROGATORY NO. 7:**   Describe in detail how the alleged incident which is the subject matter of this lawsuit occurred.  Include in your answer the following:

6

(a)     How the incident occurred;

(b)     The condition of location of the alleged incident;

(c)     Your level of awareness of the condition of the location of the incident;

(d)     Any measures you took to protect your own safety;

(e)     Any warnings of any kind posted by Speedway LLC;

**ANSWER:**


**INTERROGATORY NO. 8:**     Have the injuries that were allegedly caused or aggravated by the subject incident completely resolved or do you claim that one or more of such injuries are ongoing?  For any injuries that are not ongoing, please state the date when such injury healed/resolved.  For any injury that you claim to be ongoing, please state whether you are still under the care of any physician, chiropractor, psychologist, therapist or any other medical practitioner.  If so, please state the name and address of each such practitioner, the nature of treatment being rendered, and the condition for which such treatment is being rendered.

**ANSWER:**


**INTERROGATORY NO. 9:**     Do you believe that you have suffered any permanent disability or impairment as a result of the subject incident?  If so, please describe the nature of such disability or impairment and the identity of the medical professional who supports your belief that you have suffered a permanent disability or impairment.

**ANSWER:**

**INTERROGATORY NO. 10:**      Please state all prescription or over-the-counter medications which you have taken for the injury or injuries which you allege to have sustained as a result of the subject incident.   For each medication, please state the dosage and frequency taken.

**ANSWER:**

**INTERROGATORY NO. 11:**      Please identify the names and addresses of all pharmacists and/or pharmacies that have filled your prescriptions in the past ten (10) years.

**ANSWER:**

**INTERROGATORY NO. 12:**      If you expect to incur additional medically-related expenses in the future as a result of the subject incident, please state the basis for such belief and provide an itemized list of anticipated future expenses.

**ANSWER:**

8

**INTERROGATORY NO. 13:**       Identify each person you may call as an expert witness in this matter, including the date upon which each expert was first contacted, and in addition:

      (a)    State separately the subject matter upon which each such expert is expected to testify;

      (b)    State separately the substance of the facts and opinions concerning which each such expert is expected to testify;

      (c)    State separately a summary of the grounds for each such opinion or conclusion of each expert, including therein information provided to each expert by you or information you know to have been relied upon by each expert; and,

      (d)    Identify all persons who have received copies of any documents prepared by each expert identified above.

**ANSWER:**


**INTERROGATORY NO. 14:**       Describe in detail any injuries (including scars or disfigurements) you sustained as a result of the Incident, identifying in your description all medical providers you have been treated by or referred to from the date of the Incident through the present. Include any hospitalization, doctors or other professional persons who treated you, for what you were specifically treated, and the dates of treatment.

**ANSWER:**

9

**INTERROGATORY NO. 15:**     State, in itemized form, all personal injury expenses (including, but not limited to, hospital and medical expenses) that you claim to have incurred or that you will incur because of the alleged injury, including:

     (a)     The amount of each expense;

     (b)     To whom each such expense is or was owed;

     (c)     The date the expense was incurred or is expected to be incurred;

     (d)     Whether such expense was or is to be incurred by someone other than you and, if so, the name and address of such person or persons and the basis or reason for the other person paying for the expense;

     (e)     The identity of each person who paid expenses or compensated you for such expense;

     (f)     For what each expense was or is to be incurred; and,

     (g)     Please attach a copy of the medical bills and other special damages you claim to have incurred as a result of this Incident.

**ANSWER:**

**INTERROGATORY NO. 16:**     State in itemized form all lost income or earnings and power to labor and earn money which you are claiming in this action, and which resulted from the injuries suffered in the Incident.  In addition, explain in detail the basis for your claim by stating the wage rate used, the hours of work assumed, the days of work and remaining work life assumed and the basis for those assumptions.

**ANSWER:**

**INTERROGATORY NO. 17:**     Describe in detail all injuries you received before the Incident that affected those portions of your body which you claim have been injured in this Incident, including permanent and disabling injuries, and identify the treatment you received for that injury and by whom you were treated.

**ANSWER:**

**INTERROGATORY NO. 18:**     Identify any and all medical providers you have been treated by or referred to in the ten (10) years prior to and including the date of the Incident, stating the nature of that illness or medical condition, when it occurred, what treatment you received, and by whom you were treated.

**ANSWER:**

**INTERROGATORY NO. 19:**     Have you made any claim for benefits or damages due to the injuries you allege you sustained in any incident or accident, including but not limited to claims actually filed?  If so, describe your claims, identify the court, board, agency or company before whom it has been made, state the file number or style number of the proceeding, and describe the disposition of your claim.  The answer to this interrogatory should include any "informal" demands for compensation made by you or on your behalf as a result of the Incident.

**ANSWER:**

11

**INTERROGATORY NO. 20:**     Please state if you, or anyone on your behalf, was ever reimbursed for any special damages in this case by insurance or other collateral source.  If so, please identify the collateral source payer, amount, date paid, and whether said course claims to be subrogated to any portion of your claims in this lawsuit.

      **ANSWER:**

**INTERROGATORY NO. 21:**     Identify by name, address, phone number, and time period, any and all private health insurance plans and/or union health insurance plans you have been enrolled in during the last ten (10) years, and/or whether you have received Medicare and/or Medicaid.

      **ANSWER:**

**INTERROGATORY NO. 22:**     State, in detail, the amount claimed by you as damages.  Pursuant to CR 8.01(2), include in your answer an itemization of the amount claimed by you for each element of damage or injury you are claiming.

      **ANSWER:**

**INTERROGATORY NO. 23:**     Did you consume any alcohol, drugs, or medication within twenty-four (24) hours prior to the Incident?  If so, what had you taken, when was it taken, how much had you taken, and if you took a prescribed medication, who prescribed it?

**ANSWER:**

**INTERROGATORY NO. 24:**      State whether you or any of your representatives have any photographs, videos, motion pictures, or home movies of you, your injuries, scene of the Incident or any other matter relevant to this action.  If so, state: what each depicts; where each was taken; the date each was taken; and the name and address of whoever has custody of said photographs, videos, motion pictures and home movies, and their negatives.

**ANSWER:**

**INTERROGATORY NO. 25:**      If any treating or consulting physicians, psychiatrists, psychologists, therapists, counselors or other health care practitioners (hereinafter "practitioners") are expected to testify in this action by either evidentiary deposition or live testimony at trial, please state the subject upon which such practitioners have knowledge or will testify and any opinions as to which such practitioners will testify and provide a summary of the grounds upon which such opinions are based.

**ANSWER:**

**INTERROGATORY NO. 26:**      If you at any time, either before or after the Incident, have ever been involved in any other incident in which you claimed personal injury, please state the names and addresses of other parties involved, dates, times and locations of

occurrences, whether you were injured, the nature of those injuries, whether you were treated for those injuries, and by whom you were treated, and the details of any settlement related to the accident.

**ANSWER:**

**INTERROGATORY NO. 27:**    Did you own a cellular phone at the time of the Incident? If so, were you using a cellular phone immediately before or at the time of, the Incident?   Regardless of whether or not you were using a cellular phone at the time of the Incident, please furnish the service provider, owner and cell phone number of any cell phone in your possession, custody, or control on the day of the Incident.   Please also provide any email addresses you have used since January 1, 2000 to send or receive email.

**ANSWER:**

**INTERROGATORY NO. 28:**    Please identify any and all social media accounts you have used in the past three (3) years, including but not limited to Myspace, Twitter, Instagram, Facebook, Google Plus, Friendster, Classmates, Graduates, LinkedIn, Livejournal, Reunion, Myyearbook, Hi5, and Yahoo360.  For each, please provide your user name or handle. Please refrain from deleting or changing any information currently contained or displayed on your social media accounts as of the date of these Interrogatories.  You may still add information if you wish.

**ANSWER:**

**INTERROGATORY NO. 29:**     Are you willing to supplement your answers to these Interrogatories if information relating to or requested in them subsequently becomes available?

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce for inspection and copying at the offices of Andrew M. Palmer at Frost Brown Todd LLC, 400 West Market Street, 32nd Floor, Louisville, Kentucky 40202, on the thirty-first day after service of this Request, the following documents or tangible things:

**REQUEST NO. 1:**        All medical bills incurred for the injuries you sustained in the Incident.

        **RESPONSE:**

**REQUEST NO. 2:**        All medical records of any kind relating to any injuries you received treatment for from the date of the Incident to the present.

        **RESPONSE:**

**REQUEST NO. 3:**        All medical records of any kind relating to any injuries you received treatment for in the ten (10) years prior to and including the date of the Incident.

        **RESPONSE:**

**REQUEST NO. 4:**        All correspondence or other documents relating to communications between you and any other person involved in the Incident, including their agents, representatives, or insurers.

**RESPONSE:**

**REQUEST NO. 5:**        All documents which support, refer to, relate to, or evidence any claim by you that your power to labor and earn money has been permanently impaired.

**RESPONSE:**

**REQUEST NO. 6:**        All state and federal income tax returns for the five (5) calendar years immediately preceding the current year, including all W-2 forms and all other evidence of your income for those years.

**RESPONSE:**

**REQUEST NO. 7:**        All photographs, videotapes, motion pictures, or models of or depicting any information relevant to your claims in this lawsuit, including photographs depicting (i) any item or person involved in the Incident, (ii) the scene of the Incident, or (iii) any of your alleged injuries.

**RESPONSE:**

**REQUEST NO. 8:**          All diaries, journals, calendars (including electronic calendars) and all documents in which you might have noted daily activities, covering from the date of the Incident to the present.

**RESPONSE:**


**REQUEST NO. 9:**          All documents which refer to, relate to, are relevant to or evidence any agreements or proposed agreements between you and any other person involved in the Incident, including their agents, representatives, or insurers.

**RESPONSE:**


**REQUEST NO. 10:**          Up-to-date curriculum vitaes of all persons whom you expect to call as expert witnesses at the trial of this action.

**RESPONSE:**


**REQUEST NO. 11:**          All reports prepared by your expert witnesses in connection with the Incident.

**RESPONSE:**

**REQUEST NO. 12:**        All reports, documents, charts, graphs or data compilations prepared by, or which will be relied upon by, any expert or lay witness giving testimony by deposition or appearance at trial.

**RESPONSE:**

**REQUEST NO. 13:**        All documents which support, refer to, relate to, or evidence the nature, scope, amount, terms or calculation of any damages claimed by you in this lawsuit.

**RESPONSE:**

**REQUEST NO. 14:**        All written, recorded or typed reports or documents regarding you which (a) were prepared by or on behalf of any person whom you expect to call to testify by deposition or at trial as a treating or consulting physician, psychologist, psychiatrist, therapist, counselor, or health care practitioner; or (b) will be relied upon by any such person in giving testimony by deposition or at trial.

**RESPONSE:**

**REQUEST NO. 15:**        If you are making any claim for any psychological, emotional, or mental injury or condition in this lawsuit, produce any and all documents relating

to any marital, family, social, psychiatric, psychological, drug counseling or treatment you have received both prior to and after the Incident.

**RESPONSE:**

**REQUEST NO. 16:**        All documents relating to any claims made or lawsuits filed by you as a result of any physical or mental injury, illness or condition, including, but not limited to, claims for insurance payment, social security benefits or workers' compensation. This Request pertains to not only claims made or other lawsuits filed arising out of the subject claimed in this lawsuit, but also for any other claims made or lawsuits filed by you in the ten (10) years immediately preceding this Incident.

**RESPONSE:**

**REQUEST NO. 17:**        All documents relating to, referring to, relevant to or evidencing payments received by you from anyone as a result of the injuries or conditions claimed in this lawsuit.

**RESPONSE:**

**REQUEST NO. 18:**        All notices of injury, applications for benefits, compensation agreements, correspondence or other documents relating to any application or

20

receipt of workers' compensation or state or other disability benefits by you for this Incident and for any time during the ten (10) years immediately preceding the Incident.

**RESPONSE:**

**REQUEST NO. 19:**        Please provide a copy of your entire cellular phone bill and the entire cellular phone bill for any cellular phone you used on the date of the Incident for the period of time covering 5 days prior to and 5 days after the Incident.

**RESPONSE:**

**REQUEST NO. 20:**        All other documents identified, described, or relied upon by you in your answers to the foregoing interrogatories or which refer or relate to the information sought therein.

**RESPONSE:**

**REQUEST NO. 21:**        Please produce a color copy of your current driver's license.

**RESPONSE:**

**REQUEST NO. 22:**        Please execute and produce the attached authorizations.

**RESPONSE:**

**REQUEST NO. 23:**        Please produce complete printed pages from your social media accounts identified in response to the Interrogatories.  Please include printed pages that constitute your profile or biographical information.  Please also include printed pages of photographs.  Also, please provide printed pages of comments, messages, postings, and the like.

**RESPONSE:**

Respectfully submitted,

FROST BROWN TODD LLC

D. Christopher Robinson
Andrew M. Palmer
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (facsimile)
crobinson@fbtlaw.com
apalmer@fbtlaw.com
*Counsel for Defendant Speedway LLC*

22

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. first class mail, postage prepaid, to the following this 16th day of July, 2015:

Stephen P. Imhoff
2843 Brownsboro Road, Suite 101
Louisville, KY 40206
*Counsel for Plaintiff*

_____
*Attorney for Defendant Speedway LLC*

# EXHIBIT A

## MEDICAL RECORDS AUTHORIZATION

TO: _____

       Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, _____ (provider) is hereby authorized to release to Frost Brown Todd LLC or any of its representatives all medical records, including but not limited to progress notes, emergency room records, operative notes, nursing notes, prescriptions, in-patient records, out-patient records and films of x-rays, x-ray reports, MRIs, CT scans, PET scans and related reports, billing or any and all other documents maintained as part of the designated record set, concerning any and all medical treatment that **SHAWN HOPKINS**, (DOB _____, SSN _____) has received from you or at your institution. **SHAWN HOPKINS** acknowledges that these records may reveal HIV, alcohol and drug abuse, and/or contain psychiatric records. A photostatic copy hereof shall be as valid as the original authorization. The cost of same is to be charged to Frost Brown Todd LLC.

       The purpose of this authorization and request is to obtain medical and billing records pertaining to **Mr. Hopkins'** medical condition, which may be relevant as it pertains to certain personal injury claims arising out of a slip and fall incident. This authorization expires at the conclusion of the litigation arising from said claims. The aforementioned expiration date has not passed, as a resolution of those claims has not been reached.

       **Mr. Hopkins** has the right to revoke this authorization by timely providing written and signed notice of such revocation to _____ (provider) and Frost Brown Todd LLC. It is also understood that any use or disclosure made prior to the revocation under this authorization will not be affected by a revocation.

       _____ (provider) may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

_____       _____

**SHAWN HOPKINS**       **Date**

## AUTHORIZATION FOR PERSONNEL/EMPLOYMENT RECORDS

NAME:   **SHAWN HOPKINS**

DATE OF BIRTH: _____   SOCIAL SECURITY NO: _____

TO:   _____

    I hereby authorize a representative of Frost Brown Todd LLC, 400 West Market Street, 32nd Floor, Louisville, Kentucky 40202, or the bearer hereof, to inspect and copy, and/or receive, per their request, a copy of any and all documents constituting or relating to any and all employment records, personnel records and the entire personnel file regarding any employment of **SHAWN HOPKINS**, including but not limited to, all payroll records and W2 forms, all evaluations or employee performance reports, all disciplinary records or documents considered in preparing an evaluation or disciplinary record, employee benefits documentation received by **SHAWN HOPKINS** or made available to him, claims for unemployment or workers' compensation, documents regarding **Mr. Hopkins'** job description(s), titles and explanations of job requirements, duties and/or responsibilities and any changes in such descriptions, any applications for employment or applications for benefits and any and all other documents pertaining or relating to **Mr. Hopkins'** employment.

    Information used or disclosed pursuant to the authorization may be subject to redisclosure by the recipient. This authorization shall be valid for one year unless and until the undersigned has notified you in writing of its revocation. A photostatic copy hereof shall be considered as valid as the original.

_____   _____
**SHAWN HOPKINS**                    **Date**

## <u>AUTHORIZATION FOR RELEASE OF CELLULAR RECORDS</u>

NAME:      **SHAWN HOPKINS**

DATE OF BIRTH:      _____

CELLULAR PHONE NUMBER:      _____

TO:      _____

     I hereby authorize any representative of Frost Brown Todd LLC, 400 West Market Street, 32nd Floor, Louisville, Kentucky 40202, or the bearer hereof, to inspect and copy, and/or receive, per their request, a copy of any and all cellular phone records pertaining or relating to any accounts held by or on behalf of **SHAWN HOPKINS**, including but not limited to, all subscriber information, billing records, calls and call details, including incoming and outgoing calls.  Information used or disclosed pursuant to the authorization may be subject to redisclosure by the recipient.

     This authorization shall be valid for one year unless and until the undersigned has notified you in writing of its revocation.  A photostatic copy hereof shall be considered as valid as the original.

_____
**SHAWN HOPKINS**

_____
**Date**

# EXHIBIT B

NO. 15-CI-03254

JEFFERSON CIRCUIT COURT
DIVISION ONE (1)
JUDGE BARRY L. WILLETT


SHAWN HOPKINS

PLAINTIFF

v.

SPEEDWAY SUPERAMERICA LLC,
SPEEDWAY LLC and
MPC INVESTMENT, LLC

DEFENDANTS


## STIPULATION OF FACTS

Plaintiff **SHAWN HOPKINS** hereby stipulates that in the event Plaintiff demonstrates at a trial of this action a right to recover damages, Plaintiff's damages and recovery, if any, are limited to and shall not exceed a total of $75,000.00.


**SHAWN HOPKINS**


Respectfully submitted,


Stephen P. Imhoff
2843 Brownsboro Road, Suite 101
Louisville, KY 40206
*Counsel for Plaintiff*

NO. 15-CI-03254

JEFFERSON CIRCUIT COURT
DIVISION ONE (1)
JUDGE BARRY L. WILLETT

SHAWN HOPKINS

PLAINTIFF

v. **PLAINTIFF'S RESPONSE TO SPEEDWAY LLC'S FIRST SET OF REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON PLAINTIFF SHAWN HOPKINS**

SPEEDWAY SUPERAMERICA LLC,
SPEEDWAY LLC and
MPC INVESTMENT, LLC

DEFENDANTS

\*\*\*\*\*

Comes the Plaintiff, Shawn Hopkins, in person and by counsel and in Response to Defendants Discovery as follows:

**REQUEST FOR ADMISSION NO. 1:**          Admit that your total claimed damages related to the Incident, including past and future medical expenses, lost wages, lost power to labor and pain and suffering do not exceed Seventy-Five Thousand Dollars ($75,000).

**RESPONSE:** Deny

**REQUEST FOR ADMISSION NO. 2:**          Admit that you are not seeking in excess of Seventy-Five Thousand Dollars ($75,000) in this matter.

**RESPONSE:** Deny

1

## INTERROGATORIES

**INTERROGATORY NO. 1:**     State your present home address, date of birth, social security number, marital status, and the names and birthdates of your children.

    **ANSWER:** Residence -                     Married, Three

Children:

**INTERROGATORY NO. 2:**     Please describe your education and/or vocational background and training, including the schools or programs attended, any certifications or degrees received, the highest level completed, and the years of attendance.

    **ANSWER:**   Sullivan University, Troy University, Studied Criminal Justice, training in United States Military.

**INTERROGATORY NO. 3:**     Have you ever been charged with a crime, excluding minor traffic violations?  If so, describe each charge filed against you, the county and state in which such charges were filed, and the resolution of each charge.

    **ANSWER:**

2                          REDACTED

In 2012 charged with Assault 4 involving wife. Conditional Discharge.

In 2010, Disorderly conduct

In 2007 Alcohol Intoxication Public Intoxication 10 years ago,

**INTERROGATORY NO. 4:**     For each job held by you since January 1, 2000, identify your: (a)     place and address of employment;

        (b)     job title;

        (c)     duties performed there;

        (d)     rate of pay;

        (e)     dates of employment; and

        (f)     reason for leaving employment.

**ANSWER:**   Darryl's Restaurant on Bardstown Road – 5 years, joined military/ Army 11/3/2003 and deployed to Iraq, returned and sent back under same deployment, returned 9/2006 due to injuries to hips.

**INTERROGATORY NO. 5:**     Please identify all persons:

    (a) Who witnessed the Incident, or were in the vicinity of the Incident before, at the time of, or after its occurrence;

    (b) Who have given any statement to any other person regarding the Incident; and

(c) Who, in addition to those previously identified, you believe possesses or claims to possess knowledge, information or any factual records relating to the Incident or any other discoverable matter relevant to this lawsuit.

**ANSWER:**  Do not know names of any employees. Two women employees saw the accident, one of them immediately went to the rack where new disposable cameras were for sale, opened it up and moved a wet floor sign which was hidden from my view to the area of my fall and started taking photographs. This was the same lady that would not provide the ability for me to file an incident report. Due to the kiosk/island there needed to be two or more danger signs.

**INTERROGATORY NO. 6:**        With respect to each person identified by you in response to Interrogatory No. 6 above, state what knowledge or information you believe each person possesses.

**ANSWER:** See answer to #5 above. One or both employees may have seen me slip and fall.

**INTERROGATORY NO. 7:**        Describe in detail how the alleged incident which is the subject matter of this lawsuit occurred.  Include in your answer the following:

(a) How the incident occurred;

(b) The condition of location of the alleged incident;

(c) Your level of awareness of the condition of the location of the incident;

4

(d) Any measures you took to protect your own safety;

(e) Any warnings of any kind posted by Speedway LLC;

**ANSWER:**        At the time of the injury Mr. Hopkins was in your Speedway store getting coffee as done every school day until the accident. He was adjacent to the island where the coffee and sugar, cream and other items are located. There was no visible sign of notice of water or that the floor was wet. He turned the corner to go towards the cashier to pay for his coffee and slipped on wet water. In hindsight, there was a sign several feet away and around the corner, but was not visible from his advantage point. There was no rain that morning.

**INTERROGATORY NO. 8:**        Have the injuries that were allegedly caused or aggravated by the subject incident completely resolved or do you claim that one or more of such injuries are ongoing? For any injuries that are not ongoing, please state the date when such injury healed/resolved. For any injury that you claim to be ongoing, please state whether you are still under the care of any physician, chiropractor, psychologist, therapist or any other medical practitioner. If so, please state the name and address of each such practitioner, the nature of treatment being rendered, and the condition for which such treatment is being rendered.

**ANSWER:** The burns to my hand have resolved. However, because of the injury to my shoulder due to the nature of the fast fall, I still have pain. This did aggravate a shoulder injury I had prior to the incident. I had prior surgery on my right shoulder just a few weeks

5

before the accident. Since the incident I went back to the Veterans Administration who sent me to my original surgeon for my shoulder - surgeons at Ellis and Badenhausen. They will soon perform an MRI. My shoulder continues to pop in and out of socket and I'm advised that surgery is needed. Without the fall I would not be in the same position I am now.

**INTERROGATORY NO. 9:**      Do you believe that you have suffered any permanent disability or impairment as a result of the subject incident?  If so, please describe the nature of such disability or impairment and the identity of the medical professional who supports your belief that you have suffered a permanent disability or impairment.

**ANSWER:** To be determined after my second surgery on my shoulder. I will supplement.

**INTERROGATORY NO. 10:**      Please state all prescription or over-the-counter medications which you have taken for the injury or injuries which you allege to have sustained as a result of the subject incident.  For each medication, please state the dosage and frequency taken.

**ANSWER:**   I was taking pain killers initially after the injury. Because of my injuries in Iraq, I became addicted to pain medication and therefore even though I need something to relieve pain, I cannot take pain medication. Because of the injury at Speedway I

6

had to take pain pills again which again led to addiction and which I have stopped. I had to go to rehab. My physicians know the predicament I am in.

**INTERROGATORY NO. 11:**       Please identify the names and addresses of all pharmacists and/or pharmacies that have filled your prescriptions in the past ten (10) years.

       **ANSWER:**   All pain medication etc. is from the VA, Zorn Ave, Louisville, KY.

**INTERROGATORY NO. 12:**       If you expect to incur additional medically-related expenses in the future as a result of the subject incident, please state the basis for such belief and provide an itemized list of anticipated future expenses.

       **ANSWER:** I'm advised by Ellis and Badenhausen that I  may a second surgery.

**INTERROGATORY NO. 13:**       Identify each person you may call as an expert witness in this matter, including the date upon which each expert was first contacted, and in addition:

             (a) State separately the subject matter upon which each such expert is expected to testify;

(b) State separately the substance of the facts and opinions concerning which each such expert is expected to testify;

(c) State separately a summary of the grounds for each such opinion or conclusion of each expert, including therein information provided to each expert by you or information you know to have been relied upon by each expert; and,

(d) Identify all persons who have received copies of any documents prepared by each expert identified above.

**ANSWER:**   None decided upon at this point other than perhaps physicians and/ or therapists at Ellis and Badenhausen.

**INTERROGATORY NO. 14**:   Describe in detail any injuries (including scars or disfigurements) you sustained as a result of the Incident, identifying in your description all medical providers you have been treated by or referred to from the date of the Incident through the present. Include any hospitalization, doctors or other professional persons who treated you, for what you were specifically treated, and the dates of treatment.

**ANSWER:**   When I first slipped, it caused aggravation to my right shoulder to which I had recent prior surgery, just a few weeks before the incident. I experienced pain and suffering to my right hand (coffee burns) which did finally subside after about three – four weeks later. Even today I have residual pain in my shoulder. I had burns to his right hand and reinjured my shoulder. The coffee was very hot. The attached photos show the burns. The medical records from Jewish Hospital indicate "burn on the hand; shoulder sprained. I was sent for rehab for further evaluation. Rehab was with the office of Dr.

8

Rudy Ellis (Ellis & Badenhausen).  This includes shoulder rehab, abduction, pillow sling, etc.

**INTERROGATORY NO. 15:**      State, in itemized form, all personal injury expenses (including, but not limited to, hospital and medical expenses) that you claim to have incurred or that you will incur because of the alleged injury, including:

      (a)      The amount of each expense;

      (b)      To whom each such expense is or was owed;

      (c)      The date the expense was incurred or is expected to be incurred;

      (d)      Whether such expense was or is to be incurred by someone other than you and, if so, the name and address of such person or persons and the basis or reason for the other person paying for the expense;

      (e)      The identity of each person who paid expenses or compensated you for such expense;

      (f)      For what each expense was or is to be incurred; and,

      (g)      Please attach a copy of the medical bills and other special damages you claim to have incurred as a result of this Incident.

      (h)

      **ANSWER:**    All medications are free from VA. I will not be billed by VA.  I will supplement if necessary.

**INTERROGATORY NO. 16:**      State in itemized form all lost income or earnings and power to labor and earn money which you are claiming in this action, and which resulted

9

from the injuries suffered in the Incident.  In addition, explain in detail the basis for your claim by stating the wage rate used, the hours of work assumed, the days of work and remaining work life assumed and the basis for those assumptions.

      **ANSWER:** None. I am on Military Disability.

**INTERROGATORY NO. 17:**    Describe in detail all injuries you received before the Incident that affected those portions of your body which you claim have been injured in this Incident, including permanent and disabling injuries, and identify the treatment you received for that injury and by whom you were treated.

      **ANSWER:** As indicated, a few weeks before the incident I had shoulder surgery on the same right shoulder.

**INTERROGATORY NO. 18:**    Identify any and all medical providers you have been treated by or referred to in the ten (10) years prior to and including the date of the Incident, stating the nature of that illness or medical condition, when it occurred, what treatment you received, and by whom you were treated.

      **ANSWER:** Hips. Military medical plan provided 5-7 years ago. Surgery @ VA and Baptist East due to term in  Iraq.

10

**INTERROGATORY NO. 19:**        Have you made any claim for benefits or damages due to the injuries you allege you sustained in any incident or accident, including but not limited to claims actually filed?   If so, describe your claims, identify the court, board, agency or company before whom it has been made, state the file number or style number of the proceeding, and describe the disposition of your claim.   The answer to this interrogatory should include any "informal" demands for compensation made by you or on your behalf as a result of the Incident.

**ANSWER:**  Injury in 2007. I was a passenger in a car. Only other claim is with Speedway. Settled out of court.

**INTERROGATORY NO. 20:**        Please state if you, or anyone on your behalf, was ever reimbursed for any special damages in this case by insurance or other collateral source.  If so, please identify the collateral source payer, amount, date paid, and whether said course claims to be subrogated to any portion of your claims in this lawsuit.

**ANSWER:**    No.

**INTERROGATORY NO. 21:**        Identify by name, address, phone number, and time period, any and all private health insurance plans and/or union health insurance plans you have

11

been enrolled in during the last ten (10) years, and/or whether you have received Medicare and/or Medicaid.

**ANSWER:** Military medical only. VA.

**INTERROGATORY NO. 22:** State, in detail, the amount claimed by you as damages. Pursuant to CR 8.01(2), include in your answer an itemization of the amount claimed by you for each element of damage or injury you are claiming.

**ANSWER:**

1. Pain and Suffering $38,000.00

2. Medicals $___?___, if VA seeks restitution. Also Jewish ER - $1,112.26.00

   And Jacob Fulkerson MD - $517.00

3. Still may need further surgery. Will supplement

**INTERROGATORY NO. 23:** Did you consume any alcohol, drugs, or medication within twenty-four (24) hours prior to the Incident? If so, what had you taken, when was it taken, how much had you taken, and if you took a prescribed medication, who prescribed it?

**ANSWER:** No.

12

**INTERROGATORY NO. 24:**      State whether you or any of your representatives have any photographs, videos, motion pictures, or home movies of you, your injuries, scene of the Incident or any other matter relevant to this action.  If so, state: what each depicts; where each was taken; the date each was taken; and the name and address of whoever has custody of said photographs, videos, motion pictures and home movies, and their negatives.

**ANSWER:** Yes. Already provided but see attached.

**INTERROGATORY NO. 25:**      If any treating or consulting physicians, psychiatrists, psychologists, therapists, counselors or other health care practitioners (hereinafter "practitioners") are expected to testify in this action by either evidentiary deposition or live testimony at trial, please state the subject upon which such practitioners have knowledge or will testify and any opinions as to which such practitioners will testify and provide a summary of the grounds upon which such opinions are based.

**ANSWER:** Ellis and Badenhausen  staff and M.D.'s. Recent surgery and rehab with therapists.

13

**INTERROGATORY NO. 26:**     If you at any time, either before or after the Incident, have ever been involved in any other incident in which you claimed personal injury, please state the names and addresses of other parties involved, dates, times and locations of occurrences, whether you were injured, the nature of those injuries, whether you were treated for those injuries, and by whom you were treated, and the details of any settlement related to the accident.

**ANSWER:**   The car accident in year 2006 mentioned in Answer to number 19 mentioned above. Treated primarily by Stephen Cabka, M.D., Plastic Surgeon and Preston Chiropractics & Rehab at 7611 A Preston Hwy, Louisville, KY 40219. Injury occurred on or about October 2, 2007.

**INTERROGATORY NO. 27:**     Did you own a cellular phone at the time of the Incident? If so, were you using a cellular phone immediately before or at the time of, the Incident?  Regardless of whether or not you were using a cellular phone at the time of the Incident, please furnish the service provider, owner and cell phone number of any cell phone in your possession, custody, or control on the day of the Incident.  Please also provide any email addresses you have used since January 1, 2000 to send or receive email.

**ANSWER:**  Had a phone. I was not using the phone in store because I was ready to pay for the coffee. My cell phone service provider was AT&T.

14

**INTERROGATORY NO. 28:**          Please identify any and all social media accounts you have used in the past three (3) years, including but not limited to Myspace, Twitter, Instagram, Facebook, Google Plus, Friendster, Classmates, Graduates, LinkedIn, Livejournal, Reunion, Myyearbook, Hi5, and Yahoo360.  For each, please provide your user name or handle. Please refrain from deleting or changing any information currently contained or displayed on your social media accounts as of the date of these Interrogatories.  You may still add information if you wish.

          **ANSWER:**  No Social Media.

**INTERROGATORY NO. 29:**      Are you willing to supplement your answers to these Interrogatories if information relating to or requested in them subsequently becomes available?

          **ANSWER:**  Yes.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

15

**RESPONSE**: None other than my attorney contact with Speedway risk department.

**REQUEST NO. 5:**        All documents which support, refer to, relate to, or evidence any claim by you that your power to labor and earn money has been permanently impaired.

**RESPONSE:**        There are no documents in my custody at this time. Presently no claim for lost wages.

**REQUEST NO. 6:**        All state and federal income tax returns for the five (5) calendar years immediately preceding the current year, including all W-2 forms and all other evidence of your income for those years.

**RESPONSE:**    Object - Not relevant. No claim for lost wages at this time. Will not come close to anything relevant under Civil Rule 26.  Unemployed.  As of today not sure about this response – I am on Military disability.  If it is determined I will become employable I will supplement.

**REQUEST NO. 7:**        All photographs, videotapes, motion pictures, or models of or depicting any information relevant to your claims in this lawsuit, including photographs

17

depicting (i) any item or person involved in the Incident, (ii) the scene of the Incident, or (iii) any of your alleged injuries.

**RESPONSE:** Attached.

**REQUEST NO. 8:**      All diaries, journals, calendars (including electronic calendars) and all documents in which you might have noted daily activities, covering from the date of the Incident to the present.

**RESPONSE:** None.

**REQUEST NO. 9:**      All documents which refer to, relate to, are relevant to or evidence any agreements or proposed agreements between you and any other person involved in the Incident, including their agents, representatives, or insurers.

**RESPONSE:** None.

**REQUEST NO. 10:**      Up-to-date curriculum vitaes of all persons whom you expect to call as expert witnesses at the trial of this action.

**RESPONSE:** Not sure at this time as to who would testify. I will supplement.

18

**RESPONSE:** Not applicable- will supplement if required.


**REQUEST NO. 15:**          If you are making any claim for any psychological, emotional, or mental injury or condition in this lawsuit, produce any and all documents relating to any marital, family, social, psychiatric, psychological, drug counseling or treatment you have received both prior to and after the Incident.

**RESPONSE:** None at this time.


**REQUEST NO. 16:**          All documents relating to any claims made or lawsuits filed by you as a result of any physical or mental injury, illness or condition, including, but not limited to, claims for insurance payment, social security benefits or workers' compensation.   This Request pertains to not only claims made or other lawsuits filed arising out of the subject claimed in this lawsuit, but also for any other claims made or lawsuits filed by you in the ten (10) years immediately preceding this Incident.

**RESPONSE:**          The car accident in year 2006 mentioned in Answer to number 19 mentioned above. Treated primarily by Stephen Cabka, M.D., Plastic Surgeon and Preston Chiropractics & Rehab at 7611 A Preston Hwy, Louisville, KY 40219. Injury occurred on or about October 2, 2007. Attached are documents available from the 2006 accident.

20

**REQUEST NO. 17:**          All documents relating to, referring to, relevant to or evidencing payments received by you from anyone as a result of the injuries or conditions claimed in this lawsuit.

       **RESPONSE:**          None.

**REQUEST NO. 18:**          All notices of injury, applications for benefits, compensation agreements, correspondence or other documents relating to any application or receipt of workers' compensation or state or other disability benefits by you for this Incident and for any time during the ten (10) years immediately preceding the Incident.

       **RESPONSE:**          None.

**REQUEST NO. 19:**          Please provide a copy of your entire cellular phone bill and the entire cellular phone bill for any cellular phone you used on the date of the Incident for the period of time covering 5 days prior to and 5 days after the Incident.

       **RESPONSE:**          Phone bill is attached but if not, I am in the process of retrieving it.

**REQUEST NO. 20:**          All other documents identified, described, or relied upon by you in your answers to the foregoing interrogatories or which refer or relate to the information sought therein.

21

**RESPONSE:**        Done

**REQUEST NO. 21:**        Please produce a color copy of your current driver's license.

**RESPONSE:**        Attached.

**REQUEST NO. 22:**        Please execute and produce the attached authorizations.

**RESPONSE:**        Included

**REQUEST NO. 23:**        Please produce complete printed pages from your social media accounts identified in response to the Interrogatories.  Please include printed pages that constitute your profile or biographical information.  Please also include printed pages of photographs.  Also, please provide printed pages of comments, messages, postings, and the like.

**RESPONSE:**        N/A

Respectfully submitted,

Imhoff Law Office

_____

Stephen P. Imhoff
2843 Brownsboro Road, Suite 101
Louisville, KY 40206
502-899-2413
Fax: 1-844-498-9355
spimhoff@bellsouth.net
*Counsel for Plaintiff*

22

Shawn Hopkins

COMMONWEALTH OF KENTUCKY
COUNTY OF JEFFERSON

This Pleading was subscribed and sworn to and acknowledged before me by **Shawn Hopkins** to be his free act and deed on this ___ day of August, 2015.

My commission expires: _____1 - 21 - 18_____.

NOTARY PUBLIC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by U.S. first class mail, postage prepaid, to the following this ___ day of September, 2015:

Hon. D. Christopher Robinson
Andrew M. Palmer
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (facsimile)
crobinson@fbtlaw.com
apalmer@fbtlaw.com
*Counsel for Defendant Speedway LLC*

Stephen P. Imhoff, *Attorney for Plaintiff*

23