UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**SHAWN HOPKINS,**                                                                                 **Plaintiff**

**v.**                                                     **Case No. 3:15-cv-834-DJH-CHL**

**SPEEDWAY SUPERAMERICA LLC, et al.,**                            **Defendants**

### Memorandum Opinion and Order

### Introduction

The parties filed a joint motion to enter a scheduling order. (DN 20.) The joint motion notes that the "Parties agreed on all provisions, but could not agree on a continuance of the discovery deadline which expired August 1, 2016." (*Id.* at 1 n.1.) The parties asked for a telephonic status conference to schedule a trial date and included a proposed scheduling order in which the dates for a jury trial and pretrial conference have been left blank. (DN 20-1.)

District Judge David J. Hale referred this matter to the undersigned under 28 U.S.C. § 636(b)(1)(A). (DN 9.)

The Court will grant in part and deny in part the joint motion to amend the scheduling order. The Court will enter an amended scheduling order in accordance with the parties' joint proposed order. The Court will deny the parties' request for a telephonic status conference to schedule a trial date.

The plaintiff, Shawn Hopkins, filed a separate motion to amend the scheduling order. (DN 22.) Speedway LLC ("Speedway")[1] opposes Hopkins's motion. (DN 23.) Hopkins did not reply.

---

[1] The response does not indicate whether the other defendants, Speedway SuperAmerica LLC and MPC Investment, LLC, joined in the response in opposition.

1

The Court will deny Hopkins's motion to amend the scheduling order.

**Background**

On January 12, 2016, the Court entered the scheduling order in this matter. (DN 9.) The Court's scheduling order set the discovery deadline as August 1, 2016. (*Id.*). Soon after the Court entered the scheduling order, on January 29, the Court set a settlement conference for August 25. (DN 10.)

The discovery deadline passed on August 1. On August 23, the Court remanded the settlement conference originally scheduled for August 25. (DN 13.) On September 12, the Court rescheduled the settlement conference for November 2. (DN 16.) On November 2, the parties participated in a settlement conference but were unable to reach agreement. (DN 18.)

On December 6, Hopkins filed this motion seeking to extend the discovery deadline. (DN 22.)

**Legal Standard**

Federal Rule of Civil Procedure 16(b) governs the Court's scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Whether to deny a motion to modify a scheduling order is within the Court's discretion. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) ("Because the district court's decision was not clearly unreasonable, arbitrary or fanciful, we conclude that the district court did not abuse its discretion by denying the Marcilises' motion for a sixty-day adjournment of the scheduling order."). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Group*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted). The good

cause analysis also requires a determination of potential prejudice to the nonmovant. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

**Analysis**

Hopkins asks the Court to amend the scheduling order "to allow both parties to take depositions up to January[] 25, 2017." (DN 22 at 1 (brackets added).) The entirety of Hopkins's argument is: "Since the case was not settled, as we had hoped at the recent Mediation, we respectfully request additional time to take the necessary Depositions of two or more Speedway employees. It was not until recently that Plaintiff learned of the identity of two or more employees of Speedway." *Id.*

Speedway raises two arguments in its response in opposition.

First, Speedway argues that Hopkins has not shown good cause for extending the deadline. "Plaintiff's hope or expectation that the case might settle is not 'good cause' and does not excuse his failure to comply with the trial court's scheduling order." (DN 23 at 1.) Speedway relies on a Northern District of Texas case in which a district court denied the Plaintiffs' motion for leave to amend the complaint after the scheduling order's deadline had passed. (*Id.* at 1 – 2 (citing *Navarro v. Microsoft Corp.*, 214 F.R.D. 422 (N.D. Tex. 2003)).)

The *Navarro* opinion cited by Speedway provides some guidance. It says:

> Motions to amend pleadings filed outside the deadlines set forth in the Court's Scheduling Order are governed by Federal Rule of Civil Procedure 16(b) rather than under the more lenient standard of Federal Rule of Civil Procedure 15(a). *S & W Enter., L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).[2] Under Rule 16(b) a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* (citing Fed. R. Civ. P. 16(b)). In this case, Plaintiffs['] stated reason for delay is that they thought the case would settle at mediation. When the case did not settle at

---

[2] Under Sixth Circuit precedent, a plaintiff moving to amend the scheduling order after the deadline to amend pleadings has passed must show good cause under Rule 16(b) *and* that the amendment is proper under Rule 15(a). *Leary*, 349 F.3d at 909.

3

> mediation, Plaintiffs recommenced discovery and sought leave to amend the complaint. Plaintiffs have not provided an explanation for why they did not seek an extension of the deadlines set by the Court's Scheduling Order during the pendency of the mediation process.

*Id.* at 423 (brackets added). The *Navarro* court found that the Plaintiffs failed to demonstrate good cause under Rule 16(b) and that the proposed amendment would cause prejudice to the Defendant. *Id.* at 424.

Hopkins did not file a reply. In particular, he did not rebut Speedway's argument that the settlement conference was originally scheduled for August 25, 2016—after the August 1, 2016 discovery deadline—and thus reliance on hope that the case would settle does not excuse his lack of diligence in attempting to meet the discovery deadline. (DN 23 at 2.)

Second, Speedway argues that it is "patently false" that Hopkins only learned of the Speedway employees' identities recently. (*Id.* at 3.) Speedway says that it served its initial disclosures on January 4, 2016, and the initial disclosures identified three Speedway employees who may have discoverable information. (*Id.*) Speedway also says that it served its answers to interrogatories on July 14, 2016, and the answers listed the same three Speedway employees. (*Id.*)

In the absence of a reply by Hopkins, the Court accepts as true Speedway's unrebutted assertions about the timing and content of its initial disclosures and answers to interrogatories. Speedway served its initial disclosures, which named three employees as having potentially discoverable information, over seven months before the discovery deadline. Similarly, Speedway served its answers to the interrogatories over two weeks before the discovery deadline. Importantly, the answers to the interrogatories named the same employees that Speedway had previously disclosed and did not name any additional employees.

Under *Leary*, the Court considers prejudice to the nonmovant in determining whether a movant has met the good cause standard. 349 F.3d at 909. Speedway has not offered argument regarding whether the proposed extension would cause it prejudice. However, the Court notes that on November 30, Speedway timely moved for summary judgment on Hopkins's claim. Given that Speedway has moved for summary judgment, and the November 30 dispositive motion deadline has passed, allowing Hopkins to take depositions of Speedway employees at this time would cause prejudice to Speedway.

The Court finds that Hopkins has not shown good cause to extend the discovery deadline. The Court will deny Hopkins's motion to extend the discovery deadline.

## Order

The Court **GRANTS** in part and **DENIES** in part the joint motion to amend the scheduling order (DN 20). The Court **GRANTS** the joint motion in part as follows:

- All previously scheduled deadlines remain in effect unless the Court grants relief.

The Court **DENIES** the joint motion in part as follows:

- The Court **DENIES** the parties' request for a trial date and for entry of pretrial deadlines at this time. The parties may renew their motion for a trial date and for entry of pretrial deadlines after the Court rules on Speedway's motion for summary judgment.The Court **DENIES** the request for a telephonic status conference to set a trial date.

The Court **DENIES** Hopkins's motion to amend the scheduling order (DN 22).

cc: Counsel of record