UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHAWN HOPKINS,                                                                                                  Plaintiff,

v.                                                                    Civil Action No. 3:15-cv-834-DJH

SPEEDWAY SUPERAMERICA LLC, et al.,                                       Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In September 2014, Plaintiff Shawn Hopkins slipped in a Speedway convenience store and injured his hand and shoulder. Hopkins brought this negligence action in Jefferson Circuit Court against Defendants Speedway Superamerica LLC, Speedway LLC, and MPC Investment, LLC (collectively Speedway). Speedway removed the case to federal court. (Docket No. 1) Speedway filed a motion for summary judgment, arguing that Hopkins is unable to prove causation, an essential element of his claim. (D.N. 21) For the reasons set forth below, Speedway's motion will be granted in part and denied in part.

**I. BACKGROUND**

Hopkins went to a Speedway store in Louisville, Kentucky, for a cup of coffee on the morning of September 24, 2014. (D.N. 21-1, PageID # 157) He poured a cup of coffee at the self-service island and walked toward the fountain machine to obtain ice. (*Id.*) On his way to the fountain machine, he slipped on a liquid substance on the floor. (*Id.*) As he slipped, Hopkins reached out and grabbed the coffee island with his right hand to prevent himself from falling. (*Id.*) The incident caused Hopkins to spill his coffee, burning his hand. (D.N. 1-2, PageID # 13; D.N. 21-3, PageID # 196) He also claims that the incident aggravated a pre-existing injury to his

1

right shoulder, for which he had surgery in August 2014. (D.N. 1-2, PageID # 13; D.N. 17-1, PageID # 129)

In his answers to Speedway's interrogatories, Hopkins indicated that he did not plan to call any expert witnesses except perhaps his treating physicians and therapists. (D.N. 21-2, PageID # 173) The Court's amended scheduling order entered August 26, 2016, required Hopkins to disclose his expert witnesses by October 15, 2016, and Speedway to disclose its expert witnesses by November 15, 2016. (D.N. 14, PageID # 111) Speedway timely disclosed its expert witness. (D.N. 17) Hopkins failed to timely disclose any expert witnesses. Unless this failure is substantially justified or is harmless, Rule 37(c)(1) of the Federal Rules of Civil Procedure would require the exclusion of any expert witness Hopkins might attempt to use at trial. However, Hopkins's response to Speedway's motion for summary judgment indicated that he does not plan to retain an expert, as he cannot afford one. (D.N. 24-1, PageID # 217)

**II. STANDARD**

In order to grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies this burden, the non-moving party must point to specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

While the Court must review the evidence in a light most favorable to the non-moving party, the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586 (1986). The non-moving party must present specific facts demonstrating that a genuine issue of fact exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). The non-moving party must establish a genuine issue of material fact with respect to each element of each of his claims. *Celotex*, 477 U.S. at 322–23. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient. Instead, there must be evidence upon which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

While Kentucky substantive law governs Hopkins's negligence claim, federal procedural law governs the rules of practice concerning disclosure of witnesses and evidence. *Hayes v. Equitable Energy Res., Co.*, 266 F.3d 560, 566 (6th Cir. 2001). "To prevail on a negligence claim under Kentucky law, the plaintiff must prove that the defendant 1) owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his or her duty is measured, and 3) that the breach was the legal causation of the consequent injury." *Johnson v. Wal-Mart Stores East, LP*, 169 F. Supp. 3d 700, 703 (E.D. Ky. 2016) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003); *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012)). Speedway asserts that Hopkins cannot prove that Speedway's conduct was the legal or proximate cause of his injuries without a medical expert and that his claim therefore fails as a matter of law. (D.N. 21-1, PageID # 156)

"Kentucky law usually requires expert or medical testimony to establish that an incident legally caused a medical injury." *Lacefield v. LG Elecs., Inc.*, No. 3:06-12-KKC, 2008 WL 544472, at *3 (E.D. Ky. Feb. 26, 2008). An exception to this rule exists for situations "in which

3

causation is so apparent that laymen with general knowledge would have no difficulty in recognizing it." *Id.* (quoting *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1975)). Unless the exception applies, the general rule is that medical testimony is necessary to show "that causation is probable and not merely possible." *Id.* "[T]he necessary expert testimony may be supplied by the defendant's admissions during discovery, or through medical evidence obtained from other treating physicians." *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *Perkins v. Hausladen*, 828 S.W.2d 652, 655–56 (Ky. 1992)). "Failure of the plaintiff to secure an admission or 'produce such testimony must result in dismissal of the action by entry of summary judgment.'" *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 657 (E.D. Ky. 2013) (quoting *Goodwin v. CSX Transp., Inc.*, No. 3:07-cv-438-TBR, 2010 WL 4226454 (W.D. Ky. Oct. 21, 2010)).

### A.

Speedway has made no admissions as to causation, and Hopkins failed to sufficiently disclose an expert witness in compliance with Rule 26(a) of the Federal Rules of Civil Procedure and the Court's scheduling order, which set an expert disclosure deadline of November 15, 2016. (*See* D.N. 14) Rule 26(a)(2)(B) requires that the disclosure of experts "retained or specially employed" to provide expert testimony be accompanied by a written report prepared and signed by the expert. For expert witnesses not required to provide a written report, Rule 26(a)(2)(C) requires that the party's disclosure state the subject matter on which the expert will testify, as well as a summary of the facts and opinions to which the expert will testify.

In its first set of interrogatories, Speedway asked Hopkins to identify each person he might call as an expert witness and state the subject matter, facts, and opinions to which the expert will testify. (D.N. 21-2, PageID # 172–73) Hopkins answered: "None decided upon at

this point other than perhaps physicians and/or therapists at Ellis and Badenhausen." (*Id.*, PageID # 173) The record reflects that Hopkins was treated at Ellis and Badenhausen by Dr. Rueff, who performed surgery on Hopkins's shoulder in August 2014. (*See id.*, PageID # 189–90) But Hopkins did not return to Dr. Rueff until June 8, 2015, after he injured his right shoulder yet again, in an unrelated incident, while trying to turn a pool filter. (D.N. 17-1, PageID # 131)

In his response to Speedway's motion for summary judgment, Hopkins relies only on the medical records currently before the Court. (*See* D.N. 24-1, PageID # 220–21) He concedes that he did not make a full Rule 26 disclosure "because no expert for opinions other than possible treatment notes was to be listed." (*Id.*, PageID # 219) Hopkins states that "he does not expect to call a medical expert to testify, and if a medical expert does testify for one reason or another, then only the statements in the medical records will be mentioned and not *opinions* [in accordance with *McFerrin v. Allstate Property & Casualty Company*, 29 F. Supp. 3d (E.D. Ky. 2014)]." (*Id.*, PageID #222) Indeed, the plaintiff in *McFerrin* failed to properly disclose his expert, but stated that his treating physician would not be providing expert testimony. The court held that the treating physician could only "testify as a fact witness, and cannot testify as to his professional opinion concerning [causation]." *McFerrin*, 29 F. Supp. 3d at 935.

Based on Hopkins's response, it is unclear exactly how or if he plans to use his treating physician as a witness. But it is clear that, in the absence of a sufficient disclosure under Rule 26(a)(2)(B) or 26(a)(2)(C), a party is not permitted to use an expert witness at trial. Fed. R. Civ. P. 37(c).[1] Because Hopkins did not properly disclose his treating physician or any other witness

---

[1] Notably, Hopkins has not argued that his failure to sufficiently disclose an expert was "substantially justified" or "harmless" under Rule 37(c). As Rule 37(c) requires absolute compliance with Rule 26, the sanction is appropriate here. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). But the imposed sanction has limited effect at

as an expert under Rules 26(a)(2)(B) and 26(a)(2)(C), he may not use his treating physician or any other witness as an expert. Thus, Hopkins can only establish causation "if the cause of his injuries is so apparent that lay members of the jury could easily determine whether and to what extent" Speedway's conduct caused his injuries. *Lacefield*, 2008 WL 544472, at *3; *see also McFerrin*, 29 F. Supp. 3d at 935.

**B.**

Hopkins suffered two separate injuries as a result of his slip-and-fall accident at Speedway, but Speedway's motion only addresses the alleged shoulder injury and not the coffee burn. The burn to Hopkins's hand fits within the layman's exception to the general rule requiring expert testimony. In *Tatham v. Palmer*, the court found the layman's exception applicable where the plaintiff, who had no history of headaches, suffered from incessant headaches following an automobile accident in which his head struck the windshield of the car. 439 S.W.2d 938, 938 (Ky. 1969). The court stated that "it is within the realm of common knowledge that a severe blow to the head will cause headaches." *Id.* at 939.

Similarly, "it is within the realm of common knowledge that" a hot liquid will cause a burn to the skin. *Id.* In his deposition, Hopkins gave his own account of the incident, stating that he spilled hot coffee on himself as he slipped. (D.N. 21-3, PageID # 196) The burn injury was clearly visible, and the record contains a photograph showing redness on Hopkins's hand after he spilled hot coffee on it. (D.N. 24-2, PageID # 226) Further, Hopkins's answers to interrogatories reflect that he experienced "pain and suffering" to his right hand from the coffee burns, which he claims subsided after three or four weeks. (D.N. 21-2, PageID # 173) Medical records also show that Hopkins was treated for burns to his hand following the incident. (*Id.*,

---

this time, as Hopkins has provided no testimony from any witness—either expert witness or fact witness—in opposition to Speedway's motion for summary judgment.

PageID # 187–88) A lay juror could reasonably infer causation with respect to this injury from the evidence. *See generally Tatham*, 439 S.W.2d at 939. Therefore, summary judgment on this claim is improper.

## C.

The alleged injury to Hopkins's right shoulder, however, does not fall within the layman's exception, and Hopkins is without expert testimony to prove causation. In response to Speedway's motion, Hopkins argues that the "evidence directly indicates" that there was an injury and no expert is necessary. (D.N. 24-1, PageID # 220) Hopkins asserts generally that the "layman's exception" applies, but offers little support and ignores the key fact of a pre-existing shoulder injury. (*Id.*, PageID # 221, 223) Unlike the burn injury, the extent and cause of Hopkins's shoulder injury are not apparent given his extensive history of right shoulder pain and a very recent and complex surgery. *See McFerrin*, 29 F. Supp. 3d at 935–36; *Blair*, 917 F. Supp. 2d at 658.

Courts have found the layman's exception inapplicable and have required expert medical testimony in situations where the plaintiff, like Hopkins, suffered from a pre-existing injury. The plaintiff in *Blair* experienced neck pain following an automobile accident. *Blair*, 917 F. Supp. 2d at 650, 658. The court determined that because Blair had a history of neck pain for which she received medical treatment prior to the accident, "a juror could not reasonably infer from common or layman's knowledge that the accident caused Blair's injuries." *Id.* at 658. Comparing Blair's injury to the plaintiff's injury in *Tatham*, the court explained:

> It is conceivable that jurors could determine causation when they hear testimony that a man had never had headaches, see evidence that he was in a car accident, read the reports that he was treated in a hospital due to head injuries, look at the scar on his forehead, and hear his testimony that he now experiences debilitating headaches. However, it is another thing all together to charge a jury of common men and women unaided by expert medical assistance with the task of sorting out

7

how much, if any, of Blair's neck pain arose from the accident and how much can
be attributed to her pre-existing neck pain. . . .

*Blair*, 917 F. Supp. 2d at 658. Similarly, the plaintiff's extensive history of back problems in *McFerrin* required expert testimony concerning the cause of an alleged fracture following an automobile accident. *See* 29 F. Supp. 3d at 926, 935.

Hopkins stated that he began having shoulder problems as early as 2013, eventually experiencing severe pain in his right shoulder. (D.N. 21-3, PageID # 196) From the record, it appears that he first complained to a physician about shoulder pain in February 2013. (D.N. 17-1, PageID # 128; D.N. 21-3, PageID # 196) Prior to the incident at Speedway, Hopkins saw a physician or received treatment and diagnostic imaging for his shoulder at least nine times from February 2013 to August 2014. (D.N. 17-1, PageID # 128–29) On August 13, 2014, roughly one month before the incident, Hopkins underwent complex shoulder surgery. (*Id.*, PageID # 129) He began physical therapy on August 20, 2014. (*Id.*) As in *Blair* and *McFerrin*, Hopkins's extensive history of shoulder problems and recent surgery require expert testimony to prove causation. A reasonable lay juror could not infer that the incident at Speedway caused Hopkins's shoulder injury. Even if it had, a reasonable lay juror could not separate the injury attributable to the incident at Speedway from the pre-existing injury without the assistance of an expert. *See generally Blair*, 917 F. Supp. 2d at 658. With no expert testimony, Hopkins is unable to establish causation

Speedway, however, submitted the expert report of Dr. Stacie Grossfeld, who examined Hopkins, his medical records, and video footage of the incident. (*See* D.N. 17-1) Dr. Grossfeld concluded that the incident at Speedway did not cause any injury to Hopkins's shoulder. (D.N. 17-1, PageID # 135–36) Hopkins has provided no expert testimony to refute Dr. Grossfeld's conclusions. He relies solely on the medical records already before the Court and insists that this

case is one in which the layman's exception applies. However, due to his medical history, his injury is not so apparent that the layman's exception applies. *See Blair*, 917 F. Supp. 2d at 658; *McFerrin*, 29 F. Supp. 3d at 935. The medical records and the mere possibility that Hopkins may call a treating physician as a witness at trial are insufficient to survive summary judgment. With respect to the shoulder injury, the record lacks any evidence upon which a jury could reasonably find for Hopkins on the issue of causation. *Anderson*, 477 U.S. at at 252. Therefore, there are no genuine issues of material fact with regard to Hopkins's shoulder injury, and Speedway is entitled to summary judgment on that claim.

**D.**

Finally, the Court will address Hopkins's argument that Speedway bears the burden of proving it exercised reasonable care under *Lanier v. Wal-Mart*, 99 S.W.3d 431 (Ky. 2003). (D.N. 24-1, PageID # 224) First, Hopkins provides an inaccurate summary of *Lanier*. Second, Hopkins's thinly supported argument is inapposite in light of Speedway's motion for summary judgment, which is based on causation.

In premises liability cases, Kentucky employs a burden-shifting approach to the elements of duty and breach. *See Lanier*, 99 S.W.3d at 436. This means that a rebuttable presumption of negligence is established once the plaintiff proves that (1) he encountered a dangerous condition on the premises; (2) the encounter was a substantial factor in causing the accident; and (3) the premises were not in a reasonably safe condition by reason of the dangerous condition. *Id.* at 435–36. The burden then shifts to the defendant to prove the absence of negligence through the exercise of reasonable care. *Id.* Thus, regardless of the burden-shifting approach, Hopkins still must prove the element of causation. *Id.*; *see also Mitchell v. Flying J Inc.*, No. 5:06-cv-73-R, 2007 WL 1959174, at *2 (W.D. Ky. June 29, 2007) (explaining that the plaintiff must initially

9

prove causation even under *Lanier*'s burden-shifting approach). Speedway's motion argues that Hopkins has no proof of causation and cannot establish that Speedway's conduct caused his shoulder injury. Hopkins provides no proof to refute this argument and fails to rebut Speedway's evidence with respect to the shoulder injury. Accordingly, Speedway is entitled to summary judgment on that claim.

## IV. CONCLUSION

For the reasons set forth above, Speedway's motion for summary judgment (D.N. 21) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Hopkins's claim for injuries to his shoulder. The motion is **DENIED** as to Hopkins's claim for burn injuries to his hand.

August 1, 2017

**David J. Hale, Judge**
**United States District Court**